UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
**1:11-10014 DPW**

UNITED STATES OF AMERICA

v.

MATTHEW KUC

**ORDER AND
INITIAL STATUS REPORT**

**March 14, 2011**

SOROKIN, M.J.

An Initial Status Conference was held before this court pursuant to the provisions of Local Rule 116.5(A). Based on that conference, this court enters the following report and orders.

1. The defendant is in the process of reviewing materials produced to date. No relief from L.R. 116.3 is needed at this time.

   The defendant(s) shall file any discovery motions by **May 10, 2011** and the government's response shall be due by **May 24, 2011.**

2. The defendant does request expert discovery in accordance with Fed. R. Crim. P. 16(a)(1)(E). The parties have agreed to the following schedule: the government shall make its expert disclosure thirty (30) days before trial and the defendant shall make its reciprocal discovery under Fed. R. Crim. P. 16(b)(1)(C) fifteen (15) days before trial.

3. The government does not anticipate providing further discovery.

4. It is premature to determine whether the defendant will file any dispositive motions.

5. In this court's view, this is not a case involving unusual or complex issues for which an early joint conference of the district judge and the magistrate judge with counsel of record would be useful.

6. In this court's view, this is not a case involving features which would warrant special attention or modification of the standard schedule, except as provided herein.

7. It is too early to determine whether a trial will be necessary. A trial if it occurs will last approximately **7-12** days.

8. With the agreement of the parties, this court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 5(b)(7)(b) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective December 2008), that the interests of justice, i.e., review of the case, review of evidence, investigation, evaluation of discovery and dispositive motions, consideration of alternatives concerning how best to proceed with this matter, and preparation of dispositive motions, outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

    Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time for the period of **March 14, 2011** through **May 17, 2011,** is EXCLUDED from the Speedy Trial Act.[1]

9. **A Final Status Conference has been scheduled for May 17, 2011 at 2:30pm.** Based upon the prior orders of the court and the order entered contemporaneously herewith, as of the date of the Final Status Conference, there will be **0**days of non-excludable time under the Speedy Trial Act and **70** days will remain under the Speedy Trial Act in which this case must be tried.

    / s / Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).