UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Cr. No.  11-10014-DPW |
| ) | |
| MATTHEW KUC ) | |

**MOTION TO SUPPRESS WARRANT SEARCH OF
DEFENDANT'S HOME AND INCORPORATED MEMORANDUM OF LAW**

Now comes the defendant in the above-named case and respectfully moves this Honorable Court to order suppressed the fruits of a warrant search of the defendant's home by federal agents on or about December 14, 2010.  In support thereof the defendant says as follows:

1. On December 10, 2010 the United States District Court for the District of Massachusetts issued a search and seizure warrant for a certain premises located in North Attleboro, Massachusetts, the home the defendant shared with his parents.

2. Said warrant was based on an application and affidavit authored by FBI Agent Kenneth Heitkamp.

3. The warrant authorized the seizure of:  "A.  All records, in whatever form, and tangible objects that constitute evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 1343 (wire fraud), 2314 (interstate transportation of stolen property), 2315 (storage and sale of stolen property in interstate commerce), and 2 (aiding and abetting), including, without limitation:," with a list of 23 specific designations that followed (for example, "2. Records and tangible objects relating to Dell, Hewlett-Packard, Lenovo, 3COM or any other computer companies.").

4. The warrant also authorized the seizure of:  "B. All computer hardware,

computer software, computer-related documentation, and storage media.  Off-site searching of these items will be limited to searching for the items described above."

5.  In so particularizing the items to be seized the warrant tracked the request made in the affidavit in support of the warrant.  The warrant did not incorporate the application or affidavit by reference. Attachment B to the warrant (Items to be Seized) and attachment B to the affidavit (Items to be Seized) appear to be identical.

5.  As the First Circuit announced decades ago, a limitation on what could be seized by reference to a broad statute (in that case the mail fraud statute) is no limitation at all. See *United States v. Roche*, 614 F.2d 6, 8 (1st Cir. 1980).  Here, the warrant could have enumerated the 23 categories[1] sought without broadening the category of items to "all records... without limitation."

6.  The Fourth Amendment requires that warrants "particularly describ[e] ... the persons or things to be seized." U.S. Const. amend. IV.  This requirement prevents a "general, exploratory rummaging in a person's belongings," *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971), makes general searches  impossible, and prevents the seizure of one thing under a warrant describing another. As to what is be taken, nothing is to be left to the discretion of the officer executing the warrant. *Stanford v. Texas*, 379 U.S. 476, 485 (1965).

7.  General descriptions are permissible only in "special contexts in which there [is] substantial evidence to support the belief that the class of contraband [is] on the premises and in practical terms the goods to be described [can] not be precisely described." *Montilla Records of Puerto Rico v. Morales*, 575 F.2d 324, 326 (1st Cir.

---

[1]  Some of the categories sought are also overly broad.  But the enumerated categories clearly indicate the ability to be appropriately specific.

1978).

8.  The defect here could have been easily cured with information clearly available to the government. See *United States v. Fuccillo*, 808 F.3d 173, 176 (1st Cir. 1987).

9.  "[A] warrant may be so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *United States v. Leon*, 468 U.S. 897, 923 (1984).

10.  This is just such a warrant. See and compare *United States v. Fuccillo*, supra with *United States v. Diaz*, 841 F.2d 1, 6 (1st Cir. 1988).

>Respectfully submitted,
>By his attorney,
>
>/s/ Robert Sheketoff
>Robert Sheketoff
>BBO# 457340
>One McKinley Square
>Boston, MA 02119
>(617)-367-3449

**CERTIFICATE OF SERVICE**

I, Robert L. Sheketoff, hereby certify that a copy of this motion was served electronically this 29th day of February, 2012 on A.U.S.A Sarah Walters.

>/s/ Robert Sheketoff
>Robert Sheketoff