UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>              v.<br><br>**MATTHEW J. KUC,**<br>              **Defendant.** | Criminal Case No. 11-CR-10014-DPW |

**MOTION IN LIMINE BY THE UNITED STATES TO ADMIT EVIDENCE OF FRAUDULENT TRANSACTIONS WITHIN THE CHARGED SCHEME BUT NOT CHARGED SPECIFICALLY IN THE INDICTMENT**

The United States moves the Court to admit evidence of fraudulent transactions committed by Defendant within the charged scheme, but not charged specifically in the indictment. Those transactions were placed both with the companies specifically listed in the indictment (Dell, Hewlett-Packard, Lenovo, and 3Com) and also with Schneider/APC.

Defendant is charged with repeatedly asking computer companies to replace computer equipment that he claimed was broken, but which was actually unbroken and which he did not own or have the responsibility of servicing. Defendant is also charged with having the companies' replacement equipment shipped to his home, his job, and a mailbox he rented. Defendant then allegedly sold the replacements he received.

The evidence will demonstrate that Defendant obfuscated the scheme and his involvement in the scheme by ordering the equipment using aliases and variations on his shipping addresses to make it appear as if equipment destined for one of his addresses was actually destined for different locations (such as, in a fictional example, ordering equipment to be sent to "123 Main Street," "123 Maine Street," "1-23 Main Street," and "1-23 Maine Street"). At trial, the computer companies' representatives will testify that by using these variations, Defendant made it more difficult for the companies to be certain that Defendant's orders were

made by the same person, which helped Defendant to perpetuate the scheme. The companies' representatives will also testify that when Defendant received the computer equipment, he was often supposed to return the purportedly broken equipment, but routinely failed to do so.

The superseding indictment charges Defendant with a general scheme to defraud Dell, 3Com, Hewlett-Packard, and Lenovo of computer components, and Counts 1 through 5 allege five specific wires intended to obtain equipment fraudulently from Dell. The superseding indictment also charges Defendant in Count 6 with receiving, possessing, and storing unlawfully-converted equipment from Dell, 3Com, and Hewlett-Packard on the day of the search. The superseding indictment finally charges Defendant in Count 7 with aggravated identity theft for committing the scheme in part by misusing the name, business name, business address, and variants of a victim identified as F.S.

This motion seeks to admit two types of evidence. The first consists of Defendant's attempts and successes in obtaining computer equipment from Dell, 3Com, Hewlett-Packard, and Lenovo that are not specifically mentioned in the indictment. That is, the United States could have charged hundreds, if not thousands, of wire communications intended to obtain hundreds, if not thousands of products from Dell, 3Com, Hewlett-Packard, and Lenovo. The United States did not do so in order to make the case manageable for the jury. Thus, the superseding indictment alleges a broad fraud scheme, and then specifically alleges 5 incidents of fraud in Counts 1 through 5, along with the specific group of computer components obtained by fraud in Count 6.

The second type of evidence that this motion seeks to admit consists of items that Defendant obtained and tried to obtain fraudulently from Schneider/APC, another computer company. The United States recently learned that in addition to the companies listed in the

superseding indictment (again, Dell, 3Com, Hewlett-Packard, and Lenovo), Defendant also ran the same scheme against Schneider/APC.  According to Schneider/APC, Defendant ordered warranty replacement equipment from the company from 2006 through 2010, before his arrest, and repeatedly did not return the purportedly broken equipment.  He apparently discontinued the fraud around the time of his arrest on the original indictment in December 2010, but resumed the fraud earlier this year.

The United States seeks to admit both types of evidence as proof of Defendant's scheme and of his intent, plan, knowledge, absence of mistake, and absence of accident.  The evidence will tend to disprove any inference that Defendant failed to return equipment out of carelessness or that Defendant's aliases, addresses, and variants were merely misheard, mistyped, or misremembered.  This is especially true of the Schneider/APC fraud in 2012.

The evidence is admissible whether viewed as part of the scheme that was charged or as part of a similar scheme.  Uncharged instances of fraud are admissible if they are part of the same scheme as the charged instances.  *See United States v. McGauley*, 279 F.3d 62, 72-73 (1st Cir. 2002) (affirming decision of Woodlock, D.J., under Fed. R. Evid. 404(b) and 403 to admit evidence of 217 refund checks for stolen clothing as evidence of scheme to defraud, even though only 3 refund checks were specifically charged in the indictment).  Moreover, instances of fraud are admissible even if they are not part of the same scheme.  *See United States v. Scelzo*, 810 F.2d 2 (1st Cir. 1987) (affirming district court's admission under Fed. R. Evid. 404(b) and 403 of evidence of earlier credit card scheme in trial for another credit card scheme, because the two schemes were similar enough to support an inference of fraudulent intent, the other fraud could rebut a claim of inadvertence or innocent involvement, and fraud is not "shocking or heinous" enough to inflame the jury).

Here, evidence of Defendant's fraud on Dell, 3Com, Hewlett-Packard, Lenovo, and Schneider/APC during the dates of the scheme alleged in the indictment are admissible as part of and intrinsic to the scheme to defraud.  And evidence of the Schneider/APC fraud conducted after the dates alleged in the indictment are admissible to prove fraudulent intent and lack of mistake, accident, or inadvertence.  The Schneider/APC fraud is not so shocking or heinous as to inflame the jury's passions.  And the United States would not object to a proper instruction cautioning the jury not to reach any improper inferences.

Admitting this evidence will not overburden the Court or the jury.  The United States does not intend to take the jury through each additional transaction laboriously.  Rather, the United States will present the bulk of the transactions in spreadsheet or summary format.  Then the United States will focus on a much smaller group of specific transactions using selected exhibits such as electronic chat transcripts, invoices, or packing slips that can be reviewed and understood quickly and without extensive document review.  Only the Schneider/APC evidence would require the addition of a witness, but again that witness could go through the summary of transactions and selected transactions quickly.

For the reasons given above, the United States moves the Court to admit evidence of fraudulent transactions committed by Defendant within the charged scheme, but not charged specifically in the indictment.

    Respectfully submitted,

    CARMEN M. ORTIZ
    United States Attorney

By:    */s/ Scott L. Garland*
    Scott L. Garland
    Amy Harman Burkart
    Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document, will be filed through the ECF system and send thereby to the registered participants as identified on the Notice of Electronic Filing.

                                          */s/ Scott L. Garland*
                                          Scott L. Garland
                                          Assistant United States Attorney

Date:   June 4, 2012