# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA**

**v.**                                          **Criminal Case No. 11-CR-10014-DPW**

**MATTHEW J. KUC,**
        **Defendant.**

## MOTION IN LIMINE BY THE UNITED STATES TO PRECLUDE DEFENDANT FROM ADMITTING EVIDENCE OR ARGUING THAT THE VICTIMS COULD OR SHOULD HAVE PREVENTED THE FRAUD OR ACTED UNREASONABLY IN BELIEVING HIS FRAUDULENT STATEMENTS

The United States moves the Court to preclude Defendant from admitting evidence or arguing that the victims could or should have prevented Defendant's fraud or acted unreasonably in believing his fraudulent statements.

Defendant is charged with repeatedly asking computer companies to replace computer equipment that he claimed was broken, but which was actually unbroken and which he did not own or have the responsibility of servicing, and of selling the replacements he received. Defendant is also charged with having the companies' replacement equipment shipped to his home, his job, and a mailbox he rented.  The evidence at trial will demonstrate that Defendant obfuscated the scheme and his involvement in the scheme by ordering the equipment using aliases and variations on his shipping addresses to make it appear as if equipment destined for one of his addresses was actually destined for different locations (such as, in a fictional example, ordering equipment to be sent to "123 Main Street," "123 Maine Street," "1-23 Main Street," and "1-23 Maine Street").  At trial, the computer companies' representatives will testify that when Defendant received the computer equipment, he was often supposed to return the purportedly

broken equipment, but that he routinely failed to do so.

Based on statements that defense counsel has made during pretrial hearings, Defendant is expected to argue that the victims could have avoided his fraud by scrutinizing requests for warranty replacement parts more carefully, especially for the names, aliases, addresses, and name/address variants that Defendant used or by being more assiduous in billing Defendant for the parts not returned.

This argument would be improper: a fraud defendant may not blame the victim for falling for his tricks.  According to the First Circuit, it is not a defense to the crime of fraud that the victim could have prevented the fraud or that it acted unreasonably in believing the fraudulent statements.  *United States v. Moore*, 923 F.2d 910, 917 (1st Cir. 1991) (Breyer, C.J.) (in prosecution for defrauding a bank through repeated false loan applications, upholding trial court's jury instruction that it is not a defense "to claim that the bank might have prevented its losses had it had better 'internal controls or procedures'"); *United States v. Brien*, 617 F.2d 299, 311 (1st Cir. 1980) (upholding trial court's jury instruction that "[i]t is immaterial whether only the most gullible would have been deceived by the techniques involved. [The federal mail fraud statute] protects the naive as well as the worldly-wise, and the former are more in need of protection than the latter.").  In *Brien*, the First Circuit upheld the defendants' convictions for mail and wire fraud in the sale of commodity options, pointing out that in criminal law, it is the defendant's conduct that is relevant, not the victims': "If a scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright.  These are criminal statutes, not tort concepts.  The only issue is whether there is a plan, scheme or artifice intended to defraud.  We discern no intention on the

2

part of Congress to differentiate between schemes that will ensnare the ordinary prudent investor and those that attract only those with lesser mental acuity." 617 F.2d at 311.

Similarly, whether the victims could have done a better job to catch Defendant at his fraud or collect from him afterward is irrelevant to whether he schemed to defraud them. Accordingly, the Court should preclude Defendant from admitting evidence or arguing that the victims could or should have prevented Defendant's fraud or acted unreasonably in believing his fraudulent statements.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:      /s/ Scott L. Garland
Scott L. Garland
Amy Harman Burkart
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document will be filed through the ECF system and sent thereby to the registered participants as identified on the Notice of Electronic Filing.

 /s/ Scott L. Garland
Scott L. Garland
Assistant United States Attorney

Date:   June 4, 2012

3