UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>   v.<br><br>**MATTHEW J. KUC,**<br>            **Defendant.** | **Criminal Case No. 11-CR-10014-DPW** |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby requests that the Court give the following jury instructions, in addition to the Court's customary instructions common to all criminal cases. The United States reserves the right to supplement, modify, or withdraw these requested instructions in light of the requests, if any, filed by the defendant and the evidence presented in the case. In particular, in the event that the jury is to be retained to determine forfeitability of specific property, pursuant to Fed. R. Crim. P. 32.2 (5)(A), the United States reserves the right to supplement jury instructions regarding the determination of forfeiture.

                                        Respectfully submitted,

                                        CARMEN M. ORTIZ
                                        United States Attorney

                              By:   */s/ Amy Harman Burkart*
                                        AMY HARMAN BURKART
                                        SCOTT L. GARLAND
                                        Assistant United States Attorneys

CERTIFICATE OF SERVICE

      I certify that this document was filed on the date listed below through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

                                                      */s/ Amy Harman Burkart*
                                                      AMY HARMAN BURKART
                                                      Assistant United States Attorney

Dated: June 4, 2012

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

18 U.S.C. §1343

<u>Wire Fraud</u>

The elements of wire fraud are:

*First,* a scheme, substantially as charged in the Superseding Indictment, to defraud or obtain money or property by means of false or fraudulent pretenses;

*Second*, the scheme involved a false statement, representation or concealment about material facts;

*Third*, the defendant's knowing and willful participation in the scheme with the intent to defraud; and

*Fourth*, the use of interstate wire communications, on or about the date alleged, in furtherance of the scheme.

<u>See</u> First Circuit Pattern Jury Instructions (Criminal), No. 4.18.1343 (1998);  <u>Neder v. United States</u> 527 U.S. 1, 25 (1999).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1 (cont.)

18 U.S.C. §1343

<u>Wire Fraud Definitions</u>

Interstate wire communications include telephone communications and e-mail transmission or other internet communication from one state to another.

A scheme includes any plan, pattern or course of action. The term "defraud" means to deprive another of something of value by means of deception or cheating. A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person.

The term "false or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud. They include actual, direct false statements as well as half-truths and the knowing concealment of facts.

To satisfy its burden of proof that a fact or matter is "material," the government is not required to show that the fact or matter in fact influenced or deceived the decisionmaker to whom it was addressed. Rather, a fact or matter is "material" if it has a natural tendency to influence or is capable of influencing the decisionmaker to whom it is addressed.

A person acts "knowingly" if he or she was conscious and aware of his or her actions, realized what he or she was doing or what was happening around him or her and did not act because of ignorance, mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the

law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.

To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or to bring about some financial gain to oneself.  Thus, if the defendant acted in good faith, he or she cannot be guilty of the crime.  The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent and knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the working of the human mind.  In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence that may aid in your determination of the defendant's' knowledge or intent.  You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you to decide what facts are proven by the evidence received during this trial.

It is not necessary for the government to prove all of the details concerning the precise nature and purposes of the scheme or that the material transmitted by wire was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the wire communications in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud, substantially the same as the one alleged in the Superseding Indictment, and that the use of the wire communications in interstate commerce on or about the date alleged was closely related to the scheme because the defendant either made or

caused an interstate wire communication to be made in an attempt to execute or carry out the scheme. To "cause" an interstate wire communication to be made is to do an act with knowledge that an interstate wire communication will follow in the ordinary course of business or where such wire transfer can reasonably be foreseen.

    Wire communications designed to lull a victim into a false sense of security, postpone injuries or complaints or make the transaction less suspect are communications in furtherance of a scheme to defraud.

See First Circuit Pattern Jury Instructions (Criminal), No. 4.18.1343 (1998); The Honorable D. Brock Hornby's Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, No. 4.18.1343 (modified); United States v. Martin, 228 F.3d 1, 18 (1st Cir. 2000) (affirming wire fraud conviction based on e-mails).

GOVERNMENT PROPOSED INSTRUCTION NO. 2

18 U.S.C. §1341

<u>Mail Fraud</u>

Kuc is not charged with mail fraud.  However, mail fraud is incorporated into the aggravated identity theft charges, which I will give you next.

The relevant statute for mail fraud is 18 U.S.C. §1341, which prohibits the use of the mails in furtherance of any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.  Mail fraud is essentially the same as wire fraud, which I have just instructed you on, except that the third element requires "the use of the United States mail," instead of the use of interstate wire communications.

Under the statute, the "use of the United States mail" includes sending, delivering, or receiving any matter or thing through the United States Postal service or any private or commercial interstate carrier, such as UPS or Federal Express.

<u>See</u> 18 U.S.C. § 1341; First Circuit Pattern Jury Instructions (Criminal), No. 4.18.1341; <u>Neder v. United States</u> 527 U.S. 1, 25 (1999).

GOVERNMENT PROPOSED INSTRUCTION NO. 3

18 U.S.C. §1028A

Elements of Aggravated Identity Theft

In Count 7 of the Superseding Indictment, Kuc is charged with aggravated identity theft. It is against federal law to steal someone's identity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

*First*, that the defendant committed wire fraud or mail fraud.

*Second*, that, during and in relation to the crime of wire fraud or mail fraud, the defendant knowingly possessed or used a means of identification, described in the Superseding Indictment, without lawful authority.

*Third*, that the means of identification belonged to another real person; and

*Fourth*, that the defendant knew that the means of identification belonged to another real person.

See 18 U.S.C. §1028A; The Honorable D. Brock Hornby's Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, No. 4.18.1028A.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3 (cont.)

18 U.S.C. §1028A

<u>Aggravated Identity Theft Definitions</u>

The term "means of identification" is defined as any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, social security number, date of birth, official State or government issued driver's license or identification number, unique electronic identification number, address, or routing code; or access device.

In this case, the aggravated identity theft charges against Kuc are based on his use of the name of Francisco Samuel, alone and in conjunction with Francisco Samuel's business name and business address and variants thereof.

The use of the means of identification "without lawful authority" does not mean that the means of identification must be stolen or taken without the owner's permission.  Use of a means of identification "without lawful authority" means absent the right or permission to act on that person's behalf in a way that is not contrary to the law.  Regardless of how the means of identification is actually obtained, if its subsequent use breaks the law during and in relation to the commission of the crime of mail fraud or wire fraud, then it is used "without lawful authority."

To act "knowingly" means that the act was done voluntarily and intentionally and not because of accident or mistake.

The government must prove that the defendant possessed or used Francisco Samuel's name and addresses "during and in relation to" the commission of another felony – in this case,

mail fraud or wire fraud.  In order to find that the defendant acted "during and in relation to" mail fraud or wire fraud, you must find that his unauthorized use and possession of the means of identification facilitated or played a role in the offense of mail fraud or wire fraud.  You may use the elements of the offenses of mail fraud or wire fraud as I have already described them to you in determining whether the defendant's actions facilitated or played a role in the commission of mail fraud or wire fraud, keeping in mind that the aggravated identity theft count charges possession and use of the means of identification during and in relation to mail fraud or wire fraud, and not the commission of those offenses.


See 18 U.S.C. §1028A; 18 U.S.C. 1028(d)(7).  See also First Circuit Pattern Jury Instructions (Criminal), No. 2.14 (1998); The Honorable D. Brock Hornby's Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, No. 4.18.1028A; United States v. Ozuna-Cabrera, 663 F.3d 496, 498-99 (1st Cir. 2011)(defining the term "without lawful authority").

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

18 U.S.C. § 2315

<u>Receipt, Possession, and Storage of Stolen Property in Interstate Commerce</u>

In order to meet its burden of proving the charge of receiving, possessing, or storing stolen property which is a part of interstate commerce, the government must prove beyond a reasonable doubt each of the following elements:

*First*, that the goods, wares, merchandise, securities or money were stolen, converted or taken by fraud;

*Second*, that the defendant received, possessed, or stored the property;

*Third*, that the property had first moved in, or was a part of, interstate commerce;

*Fourth*, that the value of the property was $5,000 or more; and

*Fifth*, that the defendant knew the property had been stolen, converted or unlawfully taken.

Here, the goods, wares, and merchandise charged in the Superseding Indictment are dozens of boxes of computer components from Dell, 3Com, and Hwelett-Packard stored at Kuc's residence.

<u>See</u> Modern Federal Jury Instructions-Criminal § 54.06.