UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>             v.<br><br>**MATTHEW J. KUC,**<br>             **Defendant.** | **Criminal Case No. 11-CR-10014-DPW** |

**GOVERNMENT'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION**

The United States submits the enclosed proposed jury instruction to supplement its earlier submission of proposed jury instructions.

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby requests that the Court give the following jury instruction, in addition to the Court's customary instructions common to all criminal cases, and the jury instructions initially proposed by the United States. The United States reserves the right to supplement, modify, or withdraw these requested instructions in light of the requests, if any, filed by the defendant and the evidence presented in the case. In particular, in the event that the jury is to be retained to determine forfeitability of specific property, pursuant to Fed. R. Crim. P. 32.2 (5)(A), the United States reserves the right to supplement jury instructions regarding the determination of forfeiture.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:    */s/ Scott L. Garland*
       AMY HARMAN BURKART
       SCOTT L. GARLAND
       Assistant United States Attorneys

CERTIFICATE OF SERVICE

     I certify that this document was filed on the date listed below through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

                                            */s/ Scott L. Garland*
                                            SCOTT L. GARLAND
                                            Assistant United States Attorney

Dated: June 15, 2012

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

18 U.S.C. §§ 1341, 1343, 1028A

<u>Computer Companies' Internal Controls or Procedures Not a Defense</u>

It is not a defense to any of the charges alleging wire fraud or aggravated identity fraud for the defendant to claim that the computer companies might have prevented their losses had they followed better internal controls or procedures.

<u>See</u> <u>United States v. Moore</u>, 923 F.2d 910, 917 (1st Cir. 1991) (Breyer, C.J.) (in prosecution for defrauding a bank through repeated false loan applications, upholding trial court's jury instruction that it is not a defense "to claim that the bank might have prevented its losses had it had better 'internal controls or procedures'"); <u>United States v. Brien</u>, 617 F.2d 299, 311 (1st Cir. 1980) ("If a scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright.  These are criminal statutes, not tort concepts.  The only issue is whether there is a plan, scheme or artifice intended to defraud.  We discern no intention on the part of Congress to differentiate between schemes that will ensnare the ordinary prudent investor and those that attract only those with lesser mental acuity.").