AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Massachusetts

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| **v.** | ) | |
| MATTHEW J. KUC | ) | Case Number:  11-CR-10014-001-DPW |
| | ) | USM Number: 93655-038 |
| | ) | Robert L. Sheketoff |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)    1s, 2s, 4s, 5s, 6s, and 7s of the Superseding Indictment on 6/28/12
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 3/29/2010 | 1s |
| 18 U.S.C. § 1343 | Wire Fraud | 6/29/2010 | 2s |
| 18 U.S.C. § 1343 | Wire fraud | 7/6/2010 | 4s |

The defendant is sentenced as provided in pages 2 through _____9_____ of this judgment. The sentence is imposed pursuant to
the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)    1-6 and 3s    ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution,
the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/3/2012
Date of Imposition of Judgment

_Signature of Judge_

Douglas P. Woodlock                    Judge, U.S. District Court
Name and Title of Judge

December 3, 2012
Date

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 1A

Judgment—Page __2__ of __9__

DEFENDANT:  MATTHEW J. KUC
CASE NUMBER:  11-CR-10014-001-DPW

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 10/3/2010 | 5s |
| 18 U.S.C. § 2315 | Receipt, Possession, and Storage of Stolen Property in Interstate Commerce | 12/14/2010 | 6s |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | 12/14/2010 | 7s |

DEFENDANT:  MATTHEW J. KUC
CASE NUMBER:  11-CR-10014-001-DPW

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

96 months. This term consists of terms of 72 months on Counts 1s, 2s, and 4s-6s, all to be served concurrently, and a term of 24 months on Count 7s, to be served consecutively to the terms imposed on Counts 1s, 2s, and 4s-6s.

Defendant shall receive credit for time served.

☑  The court makes the following recommendations to the Bureau of Prisons:

The defendant should participate in substance abuse treatment while in Bureau of Prisons' custody. The defendant should be designated to an institution commensurate with security where the Bureau of Prisons can afford appropriate medical care for the defendant's medical needs, and as near as possible to his relatives.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐  at _____ ☐ a.m. ☐ p.m. on _____ .

☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐  before 2 p.m. on _____ .

☐  as notified by the United States Marshal.

☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

DEFENDANT:  MATTHEW J. KUC
CASE NUMBER:  11-CR-10014-001-DPW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 years. This term consists of a term of 3 years on Counts 1s, 2s, and 4s-6s, and a term of 1 year on Count 7s, all such terms to run concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, ~~as determined by the court~~ not to exceed 104 tests per year, as directed.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MATTHEW J. KUC
CASE NUMBER: 11-CR-10014-001-DPW

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding.

The defendant is to provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.

The defendant is to participate in a program for substance abuse counseling as directed by the United States Probation Office, which program may include testing, not to exceed 104 drug tests per year, to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third party payment.

The defendant is prohibited from engaging in an occupation, business, or profession that would require or enable him to buy, sell, or receive computers or computer components.

The defendant is not to consume any alcoholic beverages.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __9__

DEFENDANT: MATTHEW J. KUC
CASE NUMBER: 11-CR-10014-001-DPW

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 600.00 | $ | $ 1,917,389.08 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Dell, Inc. | | $1,241,113.20 | |
| Attn.: Jeff Foster, Global Security | | | |
| 401 Dell Way | | | |
| Round Rock, TX 78682 | | | |
| Lenovo Group Limited | | $193,036.00 | |
| Global Corporate Investigations | | | |
| 1009 Think Place, 1-4B1 | | | |
| Morrisville, NC 27560 | | | |
| Attn.: Bill Atwell, Program Manager | | | |

| | | | | |
|---|---|---|---|---|
| **TOTALS** | $ | 0.00 | $ | 1,917,389.08 |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 5B — Criminal Monetary Penalties

Judgment—Page ___7___ of ___9___

DEFENDANT:  MATTHEW J. KUC
CASE NUMBER:  11-CR-10014-001-DPW

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Hewlett-Packard Company | | $467,032.79 | |
| 107 USS Buckley Place | | | |
| Hingham, MA 02043 | | | |
| Attn.: Joseph M. Fallon, World Wide | | | |
| Services Fraud Investigations Manager | | | |
| APC | | $16,207.09 | |
| 132 Fairgrounds Road | | | |
| West Kingston, R.I. 02892 | | | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 1:11-cr-10014-DPW   Document 92   Filed 12/03/12   Page 8 of 24

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

Judgment — Page    8    of    9

DEFENDANT:  MATTHEW J. KUC
CASE NUMBER:  11-CR-10014-001-DPW

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☑  Lump sum payment of $  600.00  due immediately, balance due

       ☐  not later than _____ , or
       ☑  in accordance    ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

B   ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
       _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D   ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
       _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
       term of supervision; or

E   ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☑  Special instructions regarding the payment of criminal monetary penalties:

       The defendant shall pay the special assessment of $600.00 and Restitution of $1,917,389.08, immediately or
       according to a payment plan established by the Court in consultation with the probation officer, if not paid in full
       before release from prison through a Bureau of Prisons financial responsibility program. Any payment made, that
       is not payment in full, shall be divided proportionately among the parties named.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: MATTHEW J. KUC
CASE NUMBER: 11-CR-10014-001-DPW

## ADDITIONAL FORFEITED PROPERTY

See attached Orders.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Attachment (Page 1) — Statement of Reasons

DEFENDANT:   MATTHEW J. KUC
CASE NUMBER:   11-CR-10014-001-DPW
DISTRICT:        District of Massachusetts

## STATEMENT OF REASONS

**I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A  ☑   **The court adopts the presentence investigation report without change.**

B  ☐   **The court adopts the presentence investigation report with the following changes.**
        (Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
        *(Use page 4 if necessary.)*

    1   ☐   **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or
            specific offense characteristics):

    2   ☐   **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments,
            role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

    3   ☐   **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or
            scores, career offender, or criminal livelihood determinations):

    4   ☐   **Additional Comments or Findings** (including comments or factual findings concerning certain information in the
            presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation,
            or programming decisions):

C  ☐   **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE** *(Check all that apply.)*

A  ☐   No count of conviction carries a mandatory minimum sentence.

B  ☑   Mandatory minimum sentence imposed.

C  ☐   One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the
        sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum
        does not apply based on

        ☐   findings of fact in this case

        ☐   substantial assistance (18 U.S.C. § 3553(e))

        ☐   the statutory safety valve (18 U.S.C. § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE *(BEFORE DEPARTURES)*:**

Total Offense Level:   27
Criminal History Category:   I
Imprisonment Range:   94    to   111    months
Supervised Release Range:   1    to   3    years
Fine Range: $  12,500    to  $  125,000

☑   Fine waived or below the guideline range because of inability to pay.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Attachment (Page 2) — Statement of Reasons

DEFENDANT:  MATTHEW J. KUC
CASE NUMBER:  11-CR-10014-001-DPW
DISTRICT:      District of Massachusetts

# STATEMENT OF REASONS

## IV    ADVISORY GUIDELINE SENTENCING DETERMINATION *(Check only one.)*

A  ☑  **The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.**

B  ☐  **The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.**
       *(Use page 4 if necessary.)*

C  ☐  **The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.**
       *(Also complete Section V.)*

D  ☐  **The court imposed a sentence outside the advisory sentencing guideline system.** *(Also complete Section VI.)*

## V    DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES *(If applicable.)*

A  **The sentence imposed departs** *(Check only one.)*:
   ☐ below the advisory guideline range
   ☐ above the advisory guideline range

B  **Departure based on** *(Check all that apply.)*:

   1    **Plea Agreement** (Check all that apply and check reason(s) below.):
        ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
        ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
        ☐ binding plea agreement for departure accepted by the court
        ☐ plea agreement for departure, which the court finds to be reasonable
        ☐ plea agreement that states that the government will not oppose a defense departure motion.

   2    **Motion Not Addressed in a Plea Agreement** *(Check all that apply and check reason(s) below.)*:
        ☐ 5K1.1 government motion based on the defendant's substantial assistance
        ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
        ☐ government motion for departure
        ☐ defense motion for departure to which the government did not object
        ☐ defense motion for departure to which the government objected

   3    **Other**
        ☐ Other than a plea agreement or motion by the parties for departure *(Check reason(s) below.)*:

C  **Reason(s) for Departure** *(Check all that apply other than 5K1.1 or 5K3.1.)*

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| | | | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 | Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | | ☐ | | Other guideline basis (*e.g.*, 2B1.1 commentary) |

D  **Explain the facts justifying the departure.** *(Use page 4 if necessary.)*

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Attachment (Page 3) — Statement of Reasons

DEFENDANT:  MATTHEW J. KUC
CASE NUMBER:  11-CR-10014-001-DPW
DISTRICT:        District of Massachusetts

# STATEMENT OF REASONS

## VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM
*(Check all that apply.)*

A   **The sentence imposed is** *(Check only one.)*:
☐ below the advisory guideline range
☐ above the advisory guideline range

B   **Sentence imposed pursuant to** *(Check all that apply.)*:

1   **Plea Agreement** *(Check all that apply and check reason(s) below.)*:
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2   **Motion Not Addressed in a Plea Agreement** *(Check all that apply and check reason(s) below.)*:
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3   **Other**
☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system *(Check reason(s) below.)*:

C   **Reason(s) for Sentence Outside the Advisory Guideline System** *(Check all that apply.)*

☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))

☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D   **Explain the facts justifying a sentence outside the advisory guideline system.** *(Use page 4 if necessary.)*

AO 245B      (Rev. 09/11) Judgment in a Criminal Case
             Attachment (Page 4) — Statement of Reasons

DEFENDANT:  MATTHEW J. KUC
CASE NUMBER:  11-CR-10014-001-DPW
DISTRICT:      District of Massachusetts

# STATEMENT OF REASONS

## VII  COURT DETERMINATIONS OF RESTITUTION

A    ☐    Restitution Not Applicable.

B    Total Amount of Restitution:      1,917,389.08

C    Restitution not ordered *(Check only one.)*:

    1    ☐    For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

    2    ☐    For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

    3    ☐    For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

    4    ☐    Restitution is not ordered for other reasons. *(Explain.)*

D    ☐    Partial restitution is ordered for these reasons *(18 U.S.C. § 3553(c))*:

## VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE *(If applicable.)*

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.:      XXX-XX-6951

Defendant's Date of Birth:      1979

Defendant's Residence Address:
   North Attleboro
Defendant's Mailing Address:
   Unknown.

Date of Imposition of Judgment
   12/3/2012

Signature of Judge
   Douglas P. Woodlock        U.S.D.J.
Name and Title of Judge
Date Signed    December 3, 2012

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 11-10014-DPW |
| | ) | |
| MATTHEW J. KUC, | ) | |
| Defendant. | ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**WOODLOCK, D.J.**

WHEREAS, on June 8, 2011, a federal grand jury sitting in the District of Massachusetts returned a seven-count Superseding Indictment charging defendant Matthew Kuc (the "Defendant") with Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through Five), Receipt, Possession, and Storage of Stolen Properties in Interstate Commerce, in violation of 18 U.S.C. §§ 2315 and 2 (Count Six), and Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A and 2 (Count Seven);

WHEREAS, the Superseding Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense in violation of 18 U.S.C. § 1343 or § 2315 of any property, real or personal, which constitutes, or is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, on September 23, 2011, the United States filed an Amended Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the government intended to forfeit pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §2461(c) as a result of violations of 18 U.S.C. § 1343 or § 2315. The Amended Bill of Particulars identified any

property, real or personal, which constitutes, or is derived from, proceeds traceable to the

commission of the offenses, including but not limited to the following:

1.      one yellow 2004 Lamborghini Gallardo, bearing Vehicle Identification Number ZHWGU11SX4LA01471 and Massachusetts Registration Number 16RB45 (the "Lamborghini");

2.      one black 2002 Porsche 911, bearing Vehicle Identification Number WP0AB29942S685218 and Massachusetts Registration Number 699EB9(the "Porsche");

3.      $59,352.65 seized on or about January 24, 2011 from Rockland Trust Bank account number ******6477, held in the name of Matthew Kuc;

4.      $2,818.28 seized on or about January 26, 2011 from Goldmark Federal Credit Union account number ****6000, held in the name of Matthew Kuc;

5.      $17,617.79 seized from Bank of America account number ********8563, held in the name of Zofia Kuc;

6.      $5,632.84 seized on or about February 8, 2011 from E*Trade account number ******1916, held in the name of Matthew Kuc;

7.      $1,378.33 seized on or about May 5, 2011 from Ally Bank checking account number ******7718 and Ally Bank savings account number ******7764, held in the name of Matthew Kuc; and

8.      $1,100.74 seized on or about May 11, 2011 from E*Trade Savings account number ******5699, held in the name of Matthew Kuc;

WHEREAS, the Superseding Indictment further provided that, if any directly forfeitable

property, as a result of any act or omission by the Defendant, (a) cannot be located upon the

exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c)

has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in

value; or (e) has been commingled with other property which cannot be divided without

difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant,

2

up to the value of such assets, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C § 853(p);

WHEREAS, on June 15, 2012, the Court granted the United States' Motion to Dismiss Count Three of the Superseding Indictment, charging the Defendant with Wire Fraud, in violation of 18 U.S.C. § 1343;

WHEREAS, on June 27, 2012, the government submitted an Indictment for Jury Use, which omitted the dismissed count, among other matters that were not to be decided by the jury, and charges the Defendant with Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through Four), Receipt, Possession, and Storage of Stolen Properties in Interstate Commerce, in violation of 18 U.S.C. §§ 2315 and 2 (Count Five), and Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A and 2 (Count Six);

WHEREAS, on June 28, 2012, after a four-day jury trial, a jury found the Defendant guilty on Counts One through Six of the Indictment for Jury Use;

WHEREAS, as detailed in United States Marshals Service Senior Financial Forfeiture Specialist Lauren George's Affidavit (the "George Affidavit"), and based on testimony of computer company representatives at trial, a review of Exhibits 5–8, 9 and 13 admitted at trial, PayPal records, and various bank documents, the United States has determined that Kuc obtained $1,049,061 in proceeds from his wire fraud in violation of 18 U.S.C. § 1343;

WHEREAS, based on the evidence and testimony presented at trial, the jury's verdict as to the Defendant on June 28, 2012, and the George Affidavit, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $1,049,061 in United States currency (the "Money Judgment"), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

3

WHEREAS, the United States has filed a Motion for Order of Forfeiture (Money Judgment) that would consist of a personal money judgment against the Defendant in the amount of $1,049,061 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.     The Defendant, shall forfeit to the United States the sum of $1,049,061 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.     This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.     The United States may, at any time, move, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amounts set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.     The United States may, at any time, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), conduct any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5.     Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment

4

entered by this Court against the Defendant.

DOUGLAS P. WOODLOCK
United States District Judge

Date: _December 3, 2012_



5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 11-10014-DPW |
| | ) | |
| MATTHEW J. KUC, | ) | |
| Defendant. | ) | |

## **PRELIMINARY ORDER OF FORFEITURE**

**WOODLOCK, D.J.**

WHEREAS, on June 8, 2011, a federal grand jury sitting in the District of Massachusetts

returned a seven-count Superseding Indictment charging defendant Matthew Kuc (the

"Defendant") with Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through

Five), Receipt, Possession, and Storage of Stolen Properties in Interstate Commerce, in violation

of 18 U.S.C. §§ 2315 and 2 (Count Six), and Aggravated Identity Theft, in violation of 18 U.S.C.

§§ 1028A and 2 (Count Seven);

WHEREAS, the Superseding Indictment also contained a forfeiture allegation, pursuant

to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United

States sought the forfeiture, upon conviction of the Defendant of any offense in violation of 18

U.S.C. § 1343 or § 2315 of any property, real or personal, which constitutes, or is derived from,

proceeds traceable to the commission of the offenses;

WHEREAS, on September 23, 2011, the United States filed an Amended Bill of

Particulars for Forfeiture of Assets, providing notice of specific property that the government

intended to forfeit pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §2461(c) as a result of

violations of 18 U.S.C. § 1343 or § 2315. The Amended Bill of Particulars identified any

property, real or personal, which constitutes, or is derived from, proceeds traceable to the

commission of the offenses, including but not limited to the following:

1.  one yellow 2004 Lamborghini Gallardo, bearing Vehicle Identification Number ZHWGU11SX4LA01471 and Massachusetts Registration Number 16RB45 (the "Lamborghini");

2.  one black 2002 Porsche 911, bearing Vehicle Identification Number WP0AB29942S685218 and Massachusetts Registration Number 699EB9(the "Porsche");

3.  $59,352.65 seized on or about January 24, 2011 from Rockland Trust Bank account number ******6477, held in the name of Matthew Kuc;

4.  $2,818.28 seized on or about January 26, 2011 from Goldmark Federal Credit Union account number ****6000, held in the name of Matthew Kuc;

5.  $17,617.79 seized from Bank of America account number ********8563, held in the name of Zofia Kuc;

6.  $5,632.84 seized on or about February 8, 2011 from E*Trade account number ******1916, held in the name of Matthew Kuc;

7.  $1,378.33 seized on or about May 5, 2011 from Ally Bank checking account number ******7718 and Ally Bank savings account number ******7764, held in the name of Matthew Kuc; and

8.  $1,100.74 seized on or about May 11, 2011 from E*Trade Savings account number ******5699, held in the name of Matthew Kuc;

WHEREAS, pursuant to the Court's July 14, 2011 Order for Interlocutory Sale, the

United States Marshals Service (the "USMS") sold the Lamborghini and deposited the net sale

proceeds of $25,461.93 (the "Lamborghini Sale Proceeds") into the Seized Asset Deposit Fund,

pending the conclusion of this criminal matter;

WHEREAS, pursuant to the Court's July 14, 2011 Order for Interlocutory Sale, the

USMS sold the Porsche and deposited the net sale proceeds of $16,334.51 (the "Porsche Sale

Proceeds") into the Seized Asset Deposit Fund, pending the conclusion of this criminal matter

(the Lamborghini Sale Proceeds, the Porsche Sale Proceeds, and the assets numbered 3 through 8

2

in the third paragraph, are collectively referred to as the "Properties");

WHEREAS, the Superseding Indictment further provided that, if any directly forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C § 853(p);

WHEREAS, on June 15, 2012, the Court granted the United States' Motion to Dismiss Count Three of the Superseding Indictment, charging the Defendant with Wire Fraud, in violation of 18 U.S.C. § 1343;

WHEREAS, on June 27, 2012, the government submitted an Indictment for Jury Use, which omitted the dismissed count, among other matters that were not to be decided by the jury, and charges the Defendant with Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through Four), Receipt, Possession, and Storage of Stolen Properties in Interstate Commerce, in violation of 18 U.S.C. §§ 2315 and 2 (Count Five), and Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A and 2 (Count Six);

WHEREAS, on June 28, 2012, after a four-day jury trial, a jury found the Defendant guilty on Count One through Six of the Indictment for Jury Use;

WHEREAS, as detailed in United States Marshals Service Senior Financial Forfeiture Specialist Lauren George's Affidavit (the "George Affidavit"), and based on testimony of computer company representatives at trial, a review of Exhibits 5–8, 9 and 13 admitted at trial, PayPal records,

3

and various bank documents, the United States has determined that Kuc obtained $1,049,061 in proceeds from his wire fraud in violation of 18 U.S.C. § 1343;

WHEREAS, in addition, as provided in greater detail in the George Affidavit, the Properties constitute or are derived from proceeds traceable to wire fraud in violation of 18 U.S.C. § 1343;

WHEREAS, based on information contained in the George Affidavit, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant was convicted, and accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.     The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the Properties and the offenses to which the Defendant was found guilty.

2.     Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(a), as incorporated by 28 U.S.C. § 2461(c).

3.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

4

4.     Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

5.     Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

6.     Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

7.     Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

8.     Upon adjudication of all third party interests, this Court will enter a Final Order

5

of Forfeiture, pursuant to 21 U.S.C. § 853(a), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

10.  In the event the Court does not find that the government has established the requisite nexus between the Properties and the offenses to which the Defendant was convicted but enters a Money Judgment in the amount of $1,049,061 in United States currency against the Defendant, the United States will forfeit the Properties in partial satisfaction of the Money Judgment as properties of the Defendant subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p), incorporated by 28 U.S.C. § 2461(c).

_/s/ Douglas P. Woodlock_

DOUGLAS P. WOODLOCK
United States District Judge

Date: _December 3, 2012_



6