UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 11-10014-DPW |
| ) | |
| MATTHEW J. KUC, ) | |
| Defendant. ) | |

**FINAL ORDER OF FORFEITURE
IN PARTIAL SATISFACTION OF MONEY JUDGMENT**

**WOODLOCK, D.J.,**

WHEREAS, on June 8, 2011, a federal grand jury sitting in the District of Massachusetts returned a seven-count Superseding Indictment charging defendant Matthew Kuc (the "Defendant") with Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through Five), Receipt, Possession, and Storage of Stolen Properties in Interstate Commerce, in violation of 18 U.S.C. §§ 2315 and 2 (Count Six), and Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A and 2 (Count Seven).

WHEREAS, the Superseding Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense in violation of 18 U.S.C. § 1343 or § 2315 of any property, real or personal, which constitutes, or is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, on September 23, 2011, the United States filed an Amended Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the government intended to forfeit pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as a result of violations of 18 U.S.C. § 1343 or § 2315;

WHEREAS, the Amended Bill of Particulars identified any property, real or personal, which constitutes, or is derived from, proceeds traceable to the commission of the offenses, including but not limited to the following:

a. one yellow 2004 Lamborghini Gallardo, bearing Vehicle Identification Number ZHWGU11SX4LA01471 and Massachusetts Registration Number 16RB45 (the "Lamborghini");

b. one black 2002 Porsche 911, bearing Vehicle Identification Number WP0AB29942S685218 and Massachusetts Registration Number 699EB9 (the "Porsche");

c. $59,352.65 seized on or about January 24, 2011 from Rockland Trust Bank account number ******6477, held in the name of Matthew Kuc;

d. $2,818.28 seized on or about January 26, 2011 from Goldmark Federal Credit Union account number ****6000, held in the name of Matthew Kuc;

e. $17,617.79 seized from Bank of America account number ********8563, held in the name of Zofia Kuc;

f. $5,632.84 seized on or about February 8, 2011 from E*Trade account number ******1916, held in the name of Matthew Kuc;

g. $1,378.33 seized on or about May 5, 2011 from Ally Bank checking account number ******7718 and Ally Bank savings account number ******7764, held in the name of Matthew Kuc; and

h. $1,100.74 seized on or about May 11, 2011 from E*Trade Savings account number ******5699, held in the name of Matthew Kuc.;

WHEREAS, pursuant to the Court's July 14, 2011 Order for Interlocutory Sale, the United States Marshals Service (the "USMS") sold the Lamborghini and deposited the net sale proceeds of $25,461.93 (the "Lamborghini Sale Proceeds") into the Seized Asset Deposit Fund, pending the conclusion of this criminal matter;

WHEREAS, in addition, and also pursuant to the Court's July 14, 2011 Order for Interlocutory Sale, the USMS sold the Porsche and deposited the net sale proceeds of $16,334.51

(the "Porsche Sale Proceeds") into the Seized Asset Deposit Fund, pending the conclusion of this criminal matter;

WHEREAS, the Lamborghini Sale Proceeds, the Porsche Sale Proceeds, and the assets listed in the fourth paragraph above are collectively referred to as the "Properties;"

WHEREAS, the Superseding Indictment further provided that, if any of the above- described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C § 853(p);

WHEREAS, on June 15, 2012, the Court granted the United States' Motion to Dismiss Count Three of the Superseding Indictment, charging the Defendant with Wire Fraud, in violation of 18 U.S.C. § 1343;

WHEREAS, on June 27, 2012, the government submitted an Indictment for Jury Use, which omitted the dismissed count, among other matters that were not to be decided by the jury, and the Indictment for Jury Use charged the Defendant with Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through Four); Receipt, Possession, and Storage of Stolen Properties in Interstate Commerce, in violation of 18 U.S.C. §§ 2315 and 2 (Count Five); and Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A and 2 (Count Six);

WHEREAS, on June 28, 2012, after a four-day jury trial, a jury found the Defendant

guilty on Counts One through Six of the Indictment for Jury Use;

WHEREAS, based upon the evidence presented at trial, and the Defendant's subsequent conviction, on December 3, 2012, this Court issued a Preliminary Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, against the Defendant's interests in the Properties;

WHEREAS, also on December 3, 2012, a sentencing hearing was held whereby this Court sentenced the Defendant to 96 months incarceration, to be followed by a term of 3 years supervised release, and ordered the Defendant to pay a $600 special assessment, and restitution in the amount of $1,917,389.08;

WHEREAS, this Court also ordered the Defendant to forfeit the Properties to the United States, and imposed a Money Judgment against the Defendant;[1]

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties, including personal service upon the Defendant, and in addition, notice of the Preliminary Order of Forfeiture was published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on December 18, 2012 and ending on January 16, 2013; and

---

[1] On December 3, 2012, the District Court also issued an Order of Forfeiture (Money Judgment) against the Defendant, in the amount of $1,049,061 in United States currency. *See* Docket No. 92.

WHEREAS, no claims of interest in the Properties have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The United States' Motion for a Final Order of Forfeiture in Partial Satisfaction of Money Judgment is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Properties, and they are hereby forfeited to the United States of America pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3. All other parties, having any right, title, or interest in the Properties are hereby held in default.

4. The United States is hereby authorized to dispose of the Properties in accordance with applicable law.

DONE AND ORDERED in Boston, Massachusetts, this 3rd day of June, 2013.

Date: 6/3/13

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
United States District Judge

