UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
    *Plaintiff-Respondent,*

v.                                                    Case No. 1:11-cr-10014-DPW-1

MATTHEW J. KUC,
    *Defendant-Petitioner.*
_____/

**TRAVERSE**

**I.
INTRODUCTION**

The Government's Response (DE 164) is the product of largely conclusory legal assumptions that fail to withstand legal scrutiny. Moreover, the personalized attacks on the defendant are plainly unprofessional.

Against this backdrop, the defense addresses and clarifies for the Court the nature of the claims asserted, the relief sought, and reasons in support thereof. This is necessary because the Government has grossly and carelessly mischaracterized most of the claims asserted by the Defendant.

For example, the Government characterizes Defendant's claims as follows: "[T]hat he [Kuc] was offered a plea deal he would have accepted if informed of it by Mr. Sheketoff; that he did not know what was in the PSR and the Court failed to ensure that he did; and that the Court miscalculated his sentencing guidelines' estimate of loss." (DE 164-3).

However, the Government's point regarding the lack of a writing for *Frye* purposes is not lost upon Defendant. Thus, Defendant focuses on those issues upon which he has asserted more compelling claims and authorities in a manner clearly cognizable under 28 USC §2255.

Critically, the Defendant's claims arise directly under the Sixth Amendment. Section 2255 is designed to remedy *constitutional* deprivations. *Davis v. United States*, 417 US 333, 344 (1974). But, "[T]here is no support in the prior holdings of this Court for the proposition that a claim is *not* cognizable under §2255 merely because it is grounded in the 'laws of the United States' rather than the Constitution." *Id.* (emphasis added). [1]

## II.
## DEFENDANT DID NOT PROCEDURALLY DEFAULT ANY CLAIM

The Government's Response erroneously states:

> <u>All of Defendant's claims were procedurally defaulted at the trial and appellate level</u>. Most, if not all, are also not cognizable upon review under 28 USC §2255. And even if they were preserved and cognizable, they are at odds with the record.

DE 164-4 (emphasis added).

Each of the claims asserted by Defendant herein are uniquely well-suited for resolution pursuant to Section 2255. And it's significant that they arise directly under the

---

[1]   "[C]ollateral attack on nonconstitutional and nonjurisdictional "claims are properly brought under section 2255 only if the claimed error is 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' " *Knight v. United States,* 37 F.3d at 772, quoting *Hill v. United States,* 368 U.S. at 428, 82 S.Ct. 468." *Campuzano v. United States,* 976 F.Supp.2d 89, 99 (D.P.R. 2013). Suffice to note, however, that Defendant's claims arise directly under the Sixth Amendment to the Constitution and are plainly cognizable under Section 2255.

Sixth Amendment and are couched in terms of ineffective assistance of counsel that *must* invariably be brought pursuant to 28 USC §2255.

> Section 2255 is a vehicle for determining, among other things, whether a defendant was deprived at trial of his constitutional right to the effective assistance of counsel. For such a claim, a motion under § 2255 is often the sole avenue for relief. *See, e.g., United States v. Martins,* 413 F.3d 139, 155 (1st Cir.2005) (citing *United States v. Mala,* 7 F.3d 1058, 1063 (1st Cir.1993)). Proceedings under § 2255, therefore, serve an important function in our system of criminal justice.

*United States v. Sampson,* 820 F.Supp.2d 202, 212 (D.Mass. 2011)(Wolf, J.).

In addition to the *Frye* claim, Defendant asserted the following §2255 claims:

- Defendant Was Deprived of the Right to Receive the Effective Assistance of Counsel By Virtue of Such Counsel's Failure to Assert Inadequate Disclosure of the PSR to Defendant on Direct Appeal;

- The Court Relied Upon Materially Inaccurate Information in Imposing Sentence Upon Defendant and Defense Counsel's Failure to Assert this Claim on Direct Appeal Amounted to Ineffective Assistance of Counsel Protected by the Sixth Amendment; and

- The Court Employed an Improper Methodology in Calculating the Guidelines With Respect to the Offense Severity Level and Appellate Counsel was Plainly Ineffective for Failing to Assert this Error on Appeal.

Unquestionably, the inadequate PSR disclosure claim *could* have been raised on direct appeal but it was not. <u>And Mr. Sheketoff failed to raise the claim based on his own deficient *Strickland* performance</u> on direct appeal. Again, the Government's scorched earth position in this case is grossly over-stated. *See Knight v. United States*, 37 F.3d 769 (1st Cir. 1994)(footnote omitted), which expressly holds:

> The claim is a constitutional one, and thus falls within the plain wording of § 2255. Moreover, Knight's failure to raise this claim on direct appeal from his sentence does not bar his asserting it on collateral attack. Normally, failure to raise a constitutional issue on direct appeal will bar raising the issue on collateral attack unless the defendant can show cause for the failure and actual prejudice. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). However, the

3

> failure to bring a claim of ineffective assistance of counsel on direct appeal is not subject to the cause and prejudice standard. *See Brien v. United States,* 695 F.2d 10, 13 (1st Cir.1982). In *Brien,* we held the cause and prejudice standard inapplicable, since a criminal defendant may still have been represented on appeal by the counsel whose assistance the defendant is now challenging (as was the case here).

*Id*. at 774. Like *Brien*, Mr. Sheketoff represented Mr. Kuc in both the District Court and on direct appeal. *See also Massaro v. United States*, 538 US 500 (2003)(Ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under §2255 whether or not the petitioner could have raised the claim on direct appeal).

The Court's reliance upon materially inaccurate information relevant to sentencing, and counsel's failure to appeal adverse rulings on the Guideline calculations in the presentence report, fortify §2255 jurisdiction on this issue too. It's plainly evident that the Rule 32 issues attack counsel's deficient performance on direct appeal pursuant to *Evitts v. Lucey*, 469 US 387 (1985).

Though the Government insists that this "purported error is not cognizable under 28 USC §2255" (DE 164-11), the First Circuit disagrees. There are legions of First Circuit cases addressing myriad issues arising under application of the Sentencing Guidelines through Section 2255 proceedings.[2] There is no *per se* rule barring Section 2255 proceedings that expressly challenge the manner in which the Sentencing Guidelines have been applied.

---

[2] *E.g., Cofske v. United States,* 290 F.3d 437, 440 (1st Cir. 2002)(" Thus, a guideline violation alone is not automatically a basis for relief under 28 U.S.C. § 2255."). At worst, "since claims of errors in calculating guideline sentencing ranges do not raise constitutional or jurisdictional issues, the alleged errors must satisfy the "exceptional circumstances" test in order to be cognizable under § 2255." *Dure v. United States,* 127 F.Supp.2d 276, 278 (D.R.I. 2001); *David v. United States,* 134 F.3d 470 (1st Cir. 1998).

Section 2255 motions, one of the variants of federal habeas corpus, is designed to provide a prompt and efficacious remedy to challenge intolerable restraints on one's liberty. On this record, it's manifestly evident that even the Sentencing Guideline claim sounds in ineffective assistance of counsel jurisprudence too.

### III.
### CONCLUSION

The Government's Response is largely disingenuous and the prosecutor's assertion of procedural bar was improvidently made. More than that, it's exceedingly evident from the Government pleading that the prosecutor harbors a deep sense of personal animus toward Defendant. He takes every opportunity to call Defendant names and ascribe, without proof or evidence— not even an affidavit from the esteemed Mr. Sheketoff— improper motives, perjury, and bad faith. This hyperbole is exacerbated by the Government's contention that Defendant did not even identify the "specific PSR objection." (DE 164-12).[3]

On this record, Defendant is entitled to the grant of an evidentiary hearing and judgment on the merits.

                                      Respectfully submitted,

                                      **JEREMY GORDON, Esq.**
                                      *Counsel for Defendant*
                                      TX Bar No. 24049810
                                      1848 Lone Start Rd, Suite 106
                                      Mansfield, TX. 76063
                                      Tel. 972.483.4865
                                      Jeremy@GordonDefense.com

                   By:     /s/ *Jeremy Gordon*

---

[3]    *But See* Defendant's Memorandum of Law in Support of Motion to Vacate Conviction and Sentence Under 28 USC §2255 (DE 159-10-12).

        **GEOFFREY G. NATHAN, Esq.**
        MA Bar. No. 552110
        132 Boylston St., 5th Floor
        Boston, MA. 02116
        617.472.5775
        nathanlaw@earthlink.com

        *Attorneys for Defendant*
        Matthew J. Kuc

## CERTIFICATE OF SERVICE

    I CERTIFY that a copy of the foregoing pleading was sent to all counsel of record and filed via ECF this 5th day of January 2015.

        By:    /s/ Jeremy Gordon