UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| | ) | CRIMINAL NO. |
| v. | ) | 11-10014-DPW |
| | ) | |
| MATTHEW J. KUC, | ) | CIVIL ACTION NO. |
| | ) | 14-14126-DPW |
| Defendant/Movant. | ) | |

MEMORANDUM & ORDER
October 17, 2017

Pending before me is a collateral attack on the defendant/movant's conviction arising from charges of fraudulently obtaining computer parts and selling them for profit and for aggravated identity theft. The conviction was affirmed on direct appeal, *United States* v. *Kuc*, 737 F.3d 129 (1st Cir. 2013), as to which the defendant/movant was represented by counsel different than trial counsel.

This motion for relief under 28 U.S.C. §. 2255 is presented by yet another attorney who seems unaware that he is the third counsel who has been engaged by the defendant in these matters. *See* "[Defendant/Movant's] Traverse" (Dkt. No. 165) at 3 (suggesting that trial counsel "failed to raise the claim based on his own *Strickland* performance on direct appeal," (emphasis in original)) and *id.* at 4 (asserting that trial counsel "represented Mr. Kuc in both the District Court and on direct appeal"). This lack of awareness can only be attributed to lack of attention to the record in this case since it is evident from

the appellate docket that the direct appeal was briefed and argued by a separate appellate counsel after trial counsel withdrew. The instant collateral attack, evidencing unfamiliarity more broadly with the actual travel of this prosecution and record in the case, is without merit.

I act without setting the matter down for hearing in recognition of the First Circuit's longstanding direction that a "§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" *Shraiar* v. *United States*, 736 F.2d 817, 818 (1st Cir. 1984) (citations omitted). The allegations advanced to support the claims in the § 2255 motion in this case are of that ilk.

Three basic grounds for relief are raised: first, that trial counsel failed to communicate a plea offer the defendant/movant would have accepted had he been aware of it; second, that trial counsel failed to provide adequate disclosure of the Presentence Report to the defendant/movant before sentencing; and third, that the court relied upon materially inaccurate information and an improper methodology (presumably at least in part as a result of the alleged failure to give adequate disclosure to defendant) and that appellate counsel (whom collateral attack counsel erroneously believes was trial counsel) was ineffective in failing to assert these issues on direct appeal.

The government's principal basis for opposition to this collateral attack is that the grounds are procedurally barred from pursuit on collateral attack,

having been unasserted on direct appeal. While acknowledging the force of the government's argument, I will nevertheless address the merits of the claims because they are unsubstantiated in the record of this case.

I.

The first ground seems to be an effort belatedly to shoehorn a plainly insufficient claim into recent developments in Supreme Court treatment of plea bargaining. *See generally Missouri* v. *Frye*, 132 S. Ct. 1399 (2012). But *Frye* was handed down shortly before defendant/movant's trial, and well before the sentence was imposed and direct appeal was undertaken. In a foreshadowing of the concerns to which the decision in *Frye* was to be directed, I had a colloquy with defendant/movant's trial counsel nine days before *Frye* was issued, exploring whether the case would be resolved by trial or plea. Trial counsel reported that the government "had suggested this would be a good time to reach a bargain if we could. [But defendant] insists that he wants a trial." "Pretrial Conference and Motion Hearing-March 12, 2012" Tr. at 5 (Dkt. No. 100). Although it does not appear defendant/movant attended the March 12, 2012 conference, nothing in the development of the case thereafter evidences the existence of an actual plea agreement offer that was tendered, let alone any agreement that could have been reached with a defendant insisting he wanted a trial.

For his part, defendant/movant did not raise the issue until over two and one-half years later when he filed his collateral attack following his unsuccessful direct appeal. To be sure, in an unsigned Declaration filed on

3

November 10, 2014, the defendant/movant asserts that "I have become aware of the fact that prior to commencement of trial in this case, the prosecutor offered me a plea agreement through my attorney" (Dkt #159-1 at ¶ 2). But this wholly conclusory statement is unballasted by reference to the source of defendant/movant's newfound "aware[ness]" or even the briefest description of what the terms of the alleged plea agreement were or how — and by whom — they were communicated by the prosecution to defense counsel. Declarant/movant bears the burden of establishing the predicate facts for his *Frye* claim; he has not met that burden and the circumstances of record in this case make such a claim inherently incredible.

II.

The remaining grounds for relief turn on allegations in the defendant/movant's unsworn declaration that trial counsel's disclosure of the Presentence to him had been inadequate for his review. Defendant/movant asserts that before the sentencing hearing he "protested to [trial counsel] because I disagreed with much or what he had summarized for me." *Id.* at 8. He contends that "had I had the opportunity to review the report in a timely way, I would have demanded that he file additional objections." *Id.* But it took the defendant/movant more than two years to make his purported "protest" and "demand" known to any court, despite his representation by new counsel on appeal. That unsworn assertion has the characteristics of a recent contrivance. More importantly, having taken an extended period of time to crystallize his "objections," he still offers nothing of merit. The only

4

Presentence Report/Guidelines issues even arguably developed in the defendant/movant's § 2255 submissions involve the loss calculation as to which defendant/movant made no protest while his trial counsel over the two days of the Sentencing hearings addressed the loss question in his presence in open court.  Moreover, the question of loss for cases such as this is a matter of estimate; yet, in his submissions, defendant/movant still offers nothing meaningful to challenge the loss figure calculations as reasonable estimates.  I have, nevertheless, again reviewed the guidelines calculations *de novo* and am satisfied that no challenge would be successful on the merits.  Whatever the cause or contrivance which led to this belated assertion of objection, there is no prejudice evident.

III.

Accordingly, I deny this motion to vacate.  In accordance with First Circuit Local Rule 22.0(a), I hereby decline to provide a certificate of appealability concerning the denial of this motion under 28 U.S.C. § 2255.  The defendant/movant has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2).

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE